UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
UNITED STATES OF AMERICA,      )
                               )
         v.                    )   CRIMINAL ACTION
                               )   NO. 04-10292-NG
JOSE TORRES,                   )
         Defendant,            )
_____)
```

ORDER ON THE GOVERNMENT'S
MOTION FOR DETENTION
October 27, 2004

**SWARTWOOD, M.J.**

  I.  Nature Of The Offense And The Government's Motion

  On September 22, 2004, an Indictment was returned charging Jose Torres ("Mr. Torres"), in Count One, with being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1) and in Count Two, with distribution of a controlled substance (heroin), in violation of 21 U.S.C. §841(a)(1).

  At Mr. Torres' arraignment on October 14, 2004, the Government moved for a detention hearing in accordance with 18 U.S.C. §§ 3142(f)(1)(A)(Mr. Torres has been charged with a crime of violence), (f)(1)(C)(Mr. Torres is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act"), (f)(1)(D)(Mr. Torres is charged with a felony and has been convicted of two or more offenses described in paragraphs (A) through (C) of Section

3142(f)(1), or two or more state or local offenses that would have been offenses described in paragraphs (A) through (C) of such section if federal jurisdiction has existed) and (f)(2)(A) (risk of flight).

On October 27, 2004, a detention hearing was held and at that hearing, Stephanie Schaffer, Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), testified on behalf of the Government and was cross-examined by Mr. Torres' counsel.

## II. Findings of Fact

1. As a result of information obtained from a confidential informant ("CI"), ATF Agents and New Bedford, Massachusetts Police Officers targeted Mr. Torres as being a previously convicted felon in possession of firearms and ammunition.

2. On March 8, 2004, the CI, who knows Mr. Torres personally, met Mr. Torres at a prearranged location. The CI had been provided with Government funds to purchase heroin, firearms and ammunition from Mr. Torres and a Government vehicle that was equipped with video/audio equipment.

3. At approximately 5:00 p.m., surveilling law enforcement agents observed Mr. Torres and another unknown individual meet the CI, get into the CI' vehicle and drive in the direction of 273 South Second Street in New Bedford, Massachusetts. Before arriving at 273 South Second Street, Mr. Torres took from his mouth a glassine bag containing what he stated was heroin and gave those bags to the CI

in exchange for $100. This drug transaction was recorded both by the video and audio equipment installed in the CI's vehicle. The heroin was later laboratory tested and found to contain .8 grams of heroin.

    4.   Other law enforcement surveillance agents were located in and around 273 South Second Street when the CI, Mr. Torres and the unknown individual arrived at that location. Surveillance agents saw Mr. Torres get out of the CI's vehicle and go to a building where 273 South Second Street was located. Other surveillance agents, in another location, observed Mr. Torres going into 273 South Second Street and shortly thereafter, leaving that address, carrying a black duffle bag. Other agents saw Mr. Torres emerge from the building that contained 273 South Second Street carrying the black duffle bag and saw him place the black duffle bag in the back seat of the CI's vehicle. The CI then paid Mr. Torres $350. Mr. Torres and the unknown individual then left the area by walking by surveilling agents in a parked vehicle. The CI then left to meet ATF agents and New Bedford Police Officers at a prearranged location. At that location, law enforcement officials opened the black duffle bag and found a Mossberg Model 12 gauge shotgun, a Marlin Model .22 caliber rifle with an obliterated serial number and 49 rounds of .22 ammunition.

5. According to an ATF interstate nexus expert, both the firearms and the ammunition obtained from Mr. Torres were manufactured outside of the Commonwealth of Massachusetts.

6. The following is a relevant summary of Mr. Torres' criminal record:

| DATE OF OFFENSE | OFFENSE CHARGED | DISPOSITION |
| --- | --- | --- |
| 8/24/92 | Possession of a Class A controlled substance | 1/12/94, guilty, 6 months suspended sentence. |
| 1/14/93 | Conspiracy to violate the Controlled Substances Act | 1/12/94, guilty, filed. |
| 1/14/93 | Distribution and dispensing a Class A controlled substance | 1/12/94, guilty, 6 months suspended sentence. |
| 10/3/02 | Assault with a dangerous weapon | 1/14/03, guilty, two years probation. |
| 10/10/03 | Possession of a Class A controlled substance | 5/7/04, guilty, 6 months committed. |
| 2/17/04 | Distributing and dispensing a Class A controlled substance | 5/7/04, guilty, 6 months committed. |

III. Discussion of the Bail Reform Act

Under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), the judicial officer shall order that, pending trial, the Defendant

be (1) released on his own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or (4) detained. 18 U.S.C. § 3142(a).  Under the Act, the judicial officer may detain a person pending trial only if, after a detention hearing held pursuant to 18 U.S.C. § 3142(f), the judicial officer determines that "no condition or combination of conditions [set forth under 18 U.S.C. § 3142 (b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person and the community". 18 U.S.C. § 3142(e).  The Supreme Court, in United States v. Salerno, 481 U.S. 739, 747, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) has cautioned that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Id. at 755, 107 S.Ct. at 2105.  For this reason, the Defendant may be detained only if the judicial officer finds by (1) clear and convincing evidence, that the Defendant is a danger to the community, or (2) a preponderance of the evidence, that the Defendant poses a risk of flight. See 18 U.S.C. § 3142 (f); United States v. Jackson, 823 F.2d 4-5 (2d Cir. 1987); United States v. Berrios-Berrios, 791 F.2d 246, 250 (2d Cir. (1986), cert. denied, 479 U.S. 978, 107 S.Ct. 562, 93 L.Ed.2d 568 (1986). See also United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991). Furthermore, the judicial officer "may not impose financial condition that results in the pretrial detention of the person".

18 U.S.C. § 3142 (c).

The Bail Reform Act establishes a two step procedure for making the determination that the Defendant should be detained. First, the Government is entitled to move for detention where the Defendant has been charged with one of the offenses enumerated in the statute for which Congress has determined that detention is warranted. See 18 U.S.C. § 3142 (f)(1). The Government may also move for detention, or the judicial officer may on his or her own motion move for detention, where the case involves a serious risk that the Defendant will flee or that the Defendant will obstruct or attempt to obstruct justice. 18 U.S.C. § 3142(f)(2). Second, the judicial officer must determine whether any condition or combination of conditions will adequately ensure the appearance of the Defendant and the safety of the community against any danger posed by the Defendant's pretrial release. See United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988).

In meeting its burden on the issue of whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community, the Government is aided by the statutory presumptions created by 18 U.S.C. 3142(e). Where the offense charged is one of the offenses enumerated in Section 3142(f)(1), Section 3142(e) creates the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community if the judicial officer finds that: (1) the Defendant has been

convicted of a federal offense that is described in Section 3142(f) or an offense under state law that would have been an offense described in Section 3142(f)(1) if federal jurisdiction had existed, (2) such offense was committed while the person was on release pending trial for a federal, state or local offense, and (3) a period of not more than five years has elapsed since the date of conviction or release from imprisonment for such offense.  Section 3142(e) also creates the rebuttable presumption that no condition or combination of conditions will ensure the safety of the community and the appearance of the Defendant if the judicial officer finds that there is probable cause to believe that the Defendant committed an offense: (1) for which a maximum term of imprisonment of ten years or more is prescribed (a) in the Controlled Substances Act, (b) the Controlled Substances Import and Export Act, or (c) the Maritime Drug Enforcement Act; or (2) under 18 U.S.C. § 924(c).  In order to rebut either presumption, the Defendant must produce "some evidence" to the contrary.  United States v. Jessup, 752 F.2d 378, 384 (1st Cir. 1985).

In making the determination as to whether "any condition or combination of conditions will reasonably assure the appearance of the [Defendant] as required and the safety of any other person and of the community", the judicial officer is compelled to consider the following factors:

    (1)   the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

>   (2)  the weight of the evidence against the person;
>
>   (3)  the history and characteristics of the person, including:
>
>     (A)  the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>     (B)  whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and
>
>   (4)  the nature and seriousness of the danger to any other person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

### IV.  Discussion of Whether Detention is Warranted

#### A.  Mr. Torres' History and Characteristics

Mr. Torres was born on December 22, 1958, in Puerto Rico where he completed the 11th grade.  Mr. Torres has lived in Massachusetts for the past twenty-three to twenty-four years and for the past nine to ten years, has lived at various addresses in New Bedford, Massachusetts.

Mr. Torres was divorced in 1999 and has no children.

Mr. Torres' parents both reside in Puerto Rico, a brother resides in New Bedford and a sister resides in New Jersey.

Prior to his most recent incarceration, Mr. Torres worked as a truck driver for the Edgewood Company in Wareham, Massachusetts for three years during the summer months and prior to that, worked in Fall River at Easton Industries for a period of six or seven years.

I have previously reviewed Mr. Torres' criminal record. However, in addition to that record, Mr. Torres has three charges pending in the Fall River District Court involving malicious destruction of property, larceny of less than $100 and larceny of more than $100. On August 16, 2002, a woman acquaintance obtained a civil restraining order against Mr. Torres.

    B. <u>Nature of the Offense; Weight of the Evidence; Government's Burden; Nature and Seriousness of Danger Posed By Mr. Torres' Release; and Risk of Flight</u>

        1.  <u>Nature of the Offense</u>

Mr. Torres is charged with being a felon in possession of a firearm and with distribution of heroin. If he is found guilty of this offense, he could face a minimum/mandatory sentence of ten years to a maximum sentence of life imprisonment.

        2.  <u>Weight of the Evidence</u>

Bearing in mind that Mr. Torres is presumed innocent, the Court must nevertheless consider the weight of the evidence against him. Mr. Torres was recorded on audio/videotape selling heroin to a CI.

Additionally, Mr. Torres was observed by law enforcement officials going to a residence at 273 South Second Street in New Bedford to obtain a black duffle bag, returning with that bag to the CI's vehicle and taking $350 from the CI. The duffle bag contained firearms and ammunition which were manufactured outside of the Commonwealth of Massachusetts.

Therefore, I find that the weight of the evidence against Mr. Torres on both charges is overwhelming.

### 3. Government's Burden

The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(A), (f)(1)(C), (f)(1)(D) and (f)(2)(A). The Government must prove that there are no conditions or combination of conditions that would reasonably assure the safety of the community if Mr. Torres were released and the appearance of Mr. Torres as required.

The Government's burden of proof is by:

1. *Clear and convincing evidence* that Mr. Torres, if released, would pose a serious danger to any person or the community, or

2. A *preponderance of the evidence* that Mr. Torres, if released, would not appear as required.

### 4. Whether Mr. Torres Poses A Danger to the Community

I have previously found that the offense of being a felon in possession is a crime of violence which justifies the Government

seeking detention on dangerousness grounds pursuant to Section 3142(f)(1)(A). Furthermore, Mr. Torres is charged with an offense for which a maximum term of ten years or more of imprisonment is prescribed in the Controlled Substances Act and therefore, the Government is warranted in seeking to detain Mr. Torres on dangerousness grounds pursuant to Section 3142(f)(1)(C). Under these circumstances, it is not necessary for me to address whether the Government has established that Mr. Torres' prior criminal record justifies his detention on dangerousness grounds pursuant to Section 3142(f)(1)(D).

Mr. Torres has a criminal record which includes convictions for drug offenses (five) and a conviction for assault with a dangerous weapon. The evidence against Mr. Torres in this case is overwhelming. Considering the totality of these circumstances, I find by clear and convincing evidence that Mr. Torres poses a danger to the community and that there are no conditions or combination of conditions that will assure the safety of any person or persons in the community if he were released.

### 5. Whether Mr. Torres Poses a Risk of Flight

Mr. Torres has a girlfriend and brother residing in the New Bedford area. At the same time, as a result of Mr. Torres' criminal record, I find that there is a reasonable likelihood that if he is convicted of the offenses charged in this Indictment, he could be facing a substantial period of incarceration. To date, Mr. Torres has not served any lengthy periods of incarceration as a result of

his prior state convictions.  Furthermore, Mr. Torres' prior criminal record includes a significant number of defaults. Considering the totality of these circumstances, I find by a preponderance of the evidence that Mr. Torres poses a risk of flight and that there are no conditions or combination of conditions that can be imposed to assure his appearance in this Court as required.

V.  Order of Detention Pending Trial

In accordance with the foregoing memorandum,

IT IS ORDERED:

1.  That Mr. Torres be committed to the custody of the Attorney General, or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.  That Mr. Torres be afforded a reasonable opportunity for private consultation with counsel; and

3.  On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Torres is detained and confined shall deliver Mr. Torres to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

<u>RIGHT OF APPEAL</u>

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

<u>/s/Chales B. Swartwood, III</u>
CHARLES B. SWARTWOOD, III
MAGISTRATE JUDGE