```
 1                UNITED STATES DISTRICT COURT
 2              FOR THE DISTRICT OF MASSACHUSETTS
 3
 4
 5    UNITED STATES       )    CR. NO. 04-10292-NG
 6    VS.                 )    COURTROOM NO. 2
 7    JOSE TORRES         )    1 COURTHOUSE WAY
 8                             BOSTON, MA  02210
 9
10
11           RE-SENTENCING AND FINDINGS OF FACT
12                   OCTOBER 19, 2005
13                      11:38 A.M.
14
15
16
17
18         BEFORE THE HONORABLE NANCY GERTNER
19         UNITED STATES DISTRICT COURT JUDGE
20
21
22
23
24                   VALERIE A. O'HARA
25                 OFFICIAL COURT REPORTER
```

```
 1   A P P E A R A N C E S:

 2        United States Attorney's Office, by JOHN A. CAPIN,
     ASSISTANT UNITED STATES ATTORNEY, One Courthouse Way,
 3   Suite 9200, Boston, Massachusetts  02210, for the
     United States;
 4
          RAYMOND E. GILLESPIE, ESQ., 875 Massachusetts Avenue,
 5   Suite 32, Cambridge, Massachusetts  02139, for the
     Defendant.
 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1      THE COURT: Yes. Mr. Torres, would you please
2 stand. I'm going to sentence you to 15 months. As I said,
3 I will put on the record that I'm allowing the motion to
4 vacate the sentence and the sentence that I originally
5 imposed is vacated. I will sentence you to 15 months
6 incarceration. Immediately following your release of
7 custody, you're to enter into and participate in an
8 inpatient substance abuse program for a period of time
9 directed by U.S. Probation Office.
10      Parenthetically that could be a minimum of six
11 months. It depends upon the program and probation's
12 recommendations to me. Six months following successful
13 treatment, completion of your inpatient treatment program,
14 you're to enter into and reside at a sober living residence
15 approved by U.S. Probation.
16      So, six months, in effect, this means six more
17 months of custody. It's an inpatient treatment, assuming
18 six months, followed by six months of a sober living
19 residence. It's not freedom. You are essentially in
20 custody in an inpatient treatment and then a sober living
21 condition. During the time of the sober living residence
22 and thereafter during supervised release, you're to
23 participate in an outpatient substance abuse treatment
24 program as directed by probation. That means you're to
25 participate in weekly NA/AA meetings and to provide

1  verification of your attendance to the U.S. Probation.
2          As in all of these conditions, you may be required
3  to contribute to the cost of the substance abuse treatment
4  based on your ability to pay or the availability of
5  third-party payments.  I don't think I need to go over, I'll
6  go over very generally what I said before, no fine is
7  imposed, you're not to commit another federal, state or
8  local crime.  Refrain from any unlawful use of a controlled
9  substance.  Given your history, Mr. Rodriguez, you simply
10 cannot, probably for the rest of your life, take any
11 controlled substance without running the risk of undoing all
12 the good that these programs are going to do.
13         Your supervised release shall include drug
14 testing.  Within 15 days of your release from imprisonment,
15 at least two periodic drug tests thereafter, not to exceed
16 104 per year.  You're to submit to a DNA sample, comply with
17 the standard conditions of probation.  You're to comply with
18 the standard conditions.  In addition to these conditions,
19 you're prohibited from possessing a firearm or other
20 dangerous weapon.  You must use your true name, and you're
21 prohibited from the use of any false identifying
22 information, and you're to pay a special assessment of $200,
23 which is due immediately.  You have a right to appeal.  Your
24 counsel will let you know what that consists of.
25                        - - - -

5

```
 1
 2
 3
 4   UNITED STATES DISTRICT COURT )
 5   DISTRICT OF MASSACHUSETTS    )
 6   CITY OF BOSTON               )
 7
 8          I, Valerie A. O'Hara, Registered Professional
 9   Reporter, do hereby certify that the foregoing transcript
10   was recorded by me stenographically at the time and place
11   aforesaid in No. 04-10292-NG, In Re:  United States vs.
12   Jose Torres and thereafter by me reduced to typewriting and
13   is a true and accurate record of the proceedings.
14          In witness whereof, I have hereunto set my hand
15   this _____ day of _____, 2005.
16
17
18
19                              _____
20                              VALERIE A. O'HARA
21                              REGISTERED PROFESSIONAL REPORTER
22
23
24
25
```