DO NOT SCAN

Prob12C
DMA (3/2005)

# United States District Court
## for the District of Massachusetts
### Petition and Affidavit for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Jose Torres     **Case Number:** 1:04-CR-10292-001

**True Name:** Jesus Rodriguez

**Name of Sentencing Judicial Officer:** The Honorable Nancy Gertner, U.S. District Judge

**Date of Original Sentence:** 10/19/05

**Original Offense:** Felon in Possession of a Firearm and Ammunition, Distribution of Controlled Substance

**Original Sentence:** 15 months custody of the U.S. Bureau of Prisons, 36 months supervised release

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** 11/15/05

**Asst. U.S. Attorney:** John Capin     **Defense Attorney:** Raymond Gillespie

---

## PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the offender has violated the following conditions of supervision:

### Violation Number

One     **Violation of Standard Condition Number Six: The defendant shall notify the Probation Officer ten days prior to any change of residence or employment.**

### Nature of Noncompliance

On 11/22/05, the defendant reported to the Probation Office in Plymouth for an initial office visit. During this meeting, which was conducted by a Spanish speaking Probation Officer, the defendant reviewed his conditions of supervised release, which were written in Spanish, and he signed five copies to verify that he understood what his standard and special conditions of supervision were. When asked by Probation where he was residing, the defendant stated that he lived at 6 Bonneau Court, Fourth Floor, in New Bedford.

Prob 12C                              - 2 -                    **Petition and Affidavit for Warrant or Summons**
                                                                      **for Offender Under Supervision**

On 12/1/05, Probation traveled to 6 Bonneau Court in New Bedford, to meet with the defendant but was advised by the owner of the property that the defendant did not reside at that address. At this point, Probation traveled to the residence of the defendant's brother in New Bedford, who indicated that he was unaware of the defendant's whereabouts, but he did have a telephone number where the defendant could be reached.

After speaking with the defendant's brother, Probation contacted the defendant at the telephone number provided by his brother and obtained his address, 207 Ashley Boulevard, Second Floor, in New Bedford. Probation then traveled to 207 Ashley Boulevard in an effort to conduct a home visit. Upon arriving at that address, Probation observed the defendant standing on the sidewalk. However, Probation was unable to conduct a home visit because the defendant stated that he had locked the door as he came out to meet with Probation and did not have a key to gain access to his residence. It should be noted that the during this meeting, defendant had alcohol on his breath and he eventually admitted that he had been consuming alcohol.

On 12/2/05, the defendant was admitted to the detoxification unit at the Center for Addictive Behaviors (CAB) in Boston, away from the New Bedford area. On 12/8/05, the defendant was discharged from CAB's detoxification unit and relocated to Ryan House, a working half-way house in Lynn, Massachusetts affiliated with CAB. Residents of Ryan House participate in gender-specific addiction counseling and either work within the community or access job training.

On 12/15/05, Probation met with the defendant at Ryan House to discuss his situation and reminded him of the importance of adhering to his conditions of supervised release by complying with Ryan House rules, actively participating in treatment, and remaining at Ryan House for six months.

On 1/19/06, Probation was advised by Ryan House staff that earlier in the day the defendant had returned from a job search, picked up his belongings, and left the program against staff advice. The defendant failed to discuss leaving Ryan House with Probation before doing so, and his whereabouts remained unknown until he telephoned Probation on 1/20/05, at 3:46 p.m. According to the defendant, he had left Ryan House and returned to New Bedford because other residents at Ryan House were consuming alcohol and narcotics.

Prob 12C  - 3 -  **Petition and Affidavit for Warrant or Summons for Offender Under Supervision**

### Violation Number

Two   **Violation of Special Condition Number Five: For a minimum of six months following his successful completion of an inpatient treatment program, the defendant is to enter into, and reside at, a sober living residence approved by U.S. Probation.**

### Nature of Noncompliance

As indicated in Violation Number One, the defendant left Ryan House on 1/19/06, approximately five weeks after entering the facility on 1/8/06.

### U.S. Probation Officer Recommendation:

The term of supervision should be:
- [X] Revoked
- [ ] Extended for year(s), for a total term of years.
- [ ] The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Reviewed/Approved By:

_____
Martin G. Flynn
Officer-in-Charge

Respectfully submitted,

By _____
Frederick Lawton
U.S. Probation Officer
Date: 1/20/05

### THE COURT ORDERS
- [ ] No Action
- [X] The Issuance of a Warrant
- [ ] The Issuance of a Summons
- [ ] Other

_____
Nancy Gertner
U.S. District Judge

1/24/06
Date

 

# MEMORANDUM

**To:**   The Honorable Nancy Gertner, U. S. District Judge

**From:**   Frederick Lawton, U. S. Probation Officer

**Re:**   Request for Warrant for Offender Under Supervision
   Jose Torres      Docket No.: 1:04-CR-10292

**Date:**   January 20, 2006

Due to the confidential, sensitive nature of the information, the Probation Department would respectfully request that the court place the attached document under seal.