## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **CRIMINAL ACTION** |
| | ) | **NO. 04-10292-NG** |
| JOSE TORRES, | ) | |
| Defendant, | ) | |
| | ) | |

### FINDINGS AND ORDER ON PRELIMINARY
### REVOCATION/DETENTION HEARING
**May 24, 2006**

**HILLMAN, M.J.**

I. Nature of the Proceeding and Discussion

The Defendant, Jose Torres, was being supervised by the Federal Probation Service, acting out of Plymouth, Massachusetts, for convictions resulting from a guilty plea on November 15, 2005 to drug related offenses. His supervising Probation Officer was Frederick Lawton, who had met with the Defendant on November 22, 2005 to explain to him the conditions of his probation. Those conditions were laid out for the Defendant in English and translated into the Defendant's native Spanish language.

At the initial interview, the Defendant indicated that he would be living at 6 Bonneau Court in New Bedford, Massachusetts. However, the Probation Officer learned from the Defendant that he was no longer at that address and that he claimed to be living with his girlfriend at 207 Ashley Boulevard in New Bedford. When Probation Officer Lawton went to meet with the Defendant at that

address, the Defendant met him outside on the street and indicated that he was unable to access the apartment because he had inadvertently locked himself out. Probation Officer Lawton re-explained to the Defendant the importance of his obligation to inform him of any address changes.

## II.  Findings of Fact

On December 8, 2005, the Defendant checked into Ryan House which is a half-way house in furtherance of the condition of his probation that he enroll in, and successfully complete a residential stay at a six month sobriety program. On January 19, 2006, the Defendant voluntarily left Ryan House against the advice of the staff. The Defendant did not advise his Probation Officer that he was leaving Ryan House.

On January 20, 2006, Probation Officer Lawton confronted the Defendant at the Ashley Boulevard residence and explained to him that the sober house was a condition of probation that he must adhere to. On January 23, 2006, Probation Officer Lawton again met with the Defendant at his girlfriend's house and again told him that he was in violation if he did not re-enroll in a sober program. The Defendant indicated that he wanted to go to New Jersey to live with his sister. The probation officer explained to the Defendant that once he completed his six month obligation in the sober house, they would then discuss a transfer of his probation to New Jersey, but until that time he needed to enroll and successfully complete the sobriety program.

On January 31, 2006, the probation officer called the Defendant's residence and his girlfriend said that he no longer was there.

On February 1, 2006, the Defendant called the probation officer indicating that, despite what the girlfriend had said, that he was still living at the Ashley Boulevard address.

On February 6, 2006, the probation officer went to the address and the girlfriend again indicated that the Defendant had not been there for some time.

Although the probation officer had been unable to locate him, the Defendant continued to send monthly supervision reports to the probation officer. However, the probation officer was unable to ascertain where the Defendant was because his return address was incomplete on the reports. However, in April 2006, the Defendant filed a complete report which provided a New Jersey address. The probation officer obtained a warrant for the Defendant's arrest for violation of the terms of his probation.

### III.  Probable Cause

I find that there is probable cause to believe that the Defendant has violated the terms of his probation by failing to notify the probation officer of a change of address by leaving the District without permission and for his failure to complete the sobriety program.

### IV.  Detention

Fed. R. Crim. P. 32.1(a)(6) provides that a person charged with a violation of his supervised release may be released or detained pending a revocation hearing. However, "[t]he burden of establishing that the person will not flee or will not pose a danger to any other person or to the community rests with the person." Fed. R. Crim. P. 32.1(a)(6).

Mr. Torres has on multiple occasions changed his address without notifying his probation officer; left a Court ordered sobriety program without permission; and re-located to New Jersey without permission. Under these circumstances, I find that it is unlikely that Mr. Torres would abide by any conditions of release if I were to release him pending a revocation hearing. Additionally, Mr. Torres has not sustained his burden of establishing that he would not flee or fail to appear if he were

released. Therefore, in accordance with Fed. R. Crim. P. 32.1(a)(6), I find that Mr. Torres should be detained pending a revocation hearing before Judge Gertner on May 25, 2006, at 11:00 a.m.

/s/Timothy S. Hillman
TIMOTHY S. HILLMAN
MAGISTRATE JUDGE