Prob12H
(7/93)

# United States District Court
## for the District of Massachusetts
## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

**Name of Offender:** Jose Torres                    **Case Number:** 1:04-CR-10292-001

**True Name:** Jesus Rodriguez

**Name of Sentencing Judicial Officer:** Honorable Nancy Gertner, U.S. District Judge

**Date of Original Sentence:** 10/19/05

**Original Offense:** Felon in Possession of a Firearm and Ammunition, Distribution of Controlled Substance

**Original Sentence:** 15 months custody of the U.S. Bureau of Prisons, 36 months supervised release

**Date 1st Supervision Commenced:** 11/15/05

**Date of Violation Sentence:** 7/10/06

**Violation Sentence:** Credit for time served, 33 months of supervised release

**Type of Supervision:** Supervised Release        **Date 2nd Supervision Commenced:** 7/10/06

## PETITIONING THE COURT

[ ]  To extend the term of supervision for years, for a total term of years

[X]  To modify the conditions of supervision as follows:

> The defendant is to reside for a period of three months in a community corrections center and shall observe the rules of that facility.

## BACKGROUND INFORMATION

On 10/11/05, the defendant appeared before Your Honor for sentencing, after previously pleading guilty to one count of Felon in Possession of a Firearm and Ammunition and one count of Distribution of a Controlled Substance. The defendant, whose guideline incarceration range was determined by the Court to be 24 to 30 months, was sentenced to serve 30 months in federal custody and 36 months of supervised release. This sentence was imposed so that the defendant could participate in the Bureau of Prisons 500 Hour Residential Drug Abuse Program (RDAP).

On 10/19/05, because the defendant had been determined ineligible to participate in RDAP, he was resentenced to serve 15 months in the custody of the U.S. Bureau of Prisons and 36 months of supervised release. In addition to the standard conditions of supervision, the defendant was ordered to complete a substance abuse treatment program and then reside in a sober living environment for

Prob 12B

- 2 -

**Request for Modifying the
Conditions or Terms of Supervision
with Consent of the Offender**

six months. He also was prohibited from possessing a firearm and mandated to engage in weekly AA/NA meetings as well as outpatient substance abuse treatment and testing.

On 7/10/06, the defendant appeared before Your Honor at a revocation hearing and stipulated to Probation's allegations that he had relocated on two occasions without advising the Probation Office; that he had failed to engage in inpatient drug treatment, per the Court's directive; and that he had left the District of Massachusetts and moved to the District of New Jersey without receiving permission from or notifying Probation. At the conclusion of the violation hearing, the defendant was sentenced to credit for time served and placed on 33 months of supervised release. In addition to the standard conditions of supervision, the defendant was mandated to complete an inpatient treatment program and then reside for three months in a sober house.

## CAUSE

After leaving court on 7/10/06, the defendant immediately admitted himself to the detoxification unit at the Gosnold Treatment Center in Falmouth, and shortly thereafter moved to the Miller House. While at Miller House, the defendant was fully compliant with program rules and according to staff actively participated in the treatment process.

On five occasions while the defendant was residing at Miller House, Probation met with him and his caseworker to discuss his progress at the facility and his post-Miller House placement. On each of these occasions, while speaking of the fact that he needed to reside in a sober house for three months after leaving Miller House, the defendant indicated that his family would give him the money that he needed to be admitted to such a facility. Had the defendant advised that his family would not provide him with such financial assistance, Probation would have extended the defendant's time at Miller House so that he could enter Miller House's transition program. In the transition program, the defendant could obtain employment in the community while still residing at Miller Hose and with his earnings secure a bed in a sober house.

On 10/16/06, Probation attended the defendant's discharge meeting at Miller House. The defendant's release plan, which he had developed, called for him to reside at a sober house called the Rivers in Fall River, and to work third shift at a seafood processing plant in New Bedford. However, on the day that the defendant was discharged from Miller House, he did not go to the Rivers in Fall River but to another facility called Steppingstone which would not admit him. The defendant did not notify Probation of this fact and went to his brother's residence in New Bedford. Probation did not learn that the defendant was not residing at the Rivers until approximately one week after he had left Miller House and only then through a telephone conversation with the manger of the Rivers.

After realizing that the defendant was not residing at the Rivers, Probation began looking for him and eventually located him at his brother's house. It should be noted that the defendant's brother resides in a public housing project and the defendant's presence in the apartment could lead to the eviction of the brother and his family. In addition to not moving to a sober house after leaving Miller

- 3 -                                        **Request for Modifying the**
                                                                                                **Conditions or Terms of Supervision**
                                                                                                **with Consent of the Offender**

House, the defendant did not begin working at the seafood processing factory. According to the
defendant, the position which he had asserted was guaranteed to him, failed to materialize.

On 11/9/06, the defendant reported to the Probation Office in Plymouth to discuss his situation.
According to the defendant, he did not have enough money to be admitted to a sober house and did
not anticipate obtaining these funds in the near future. While the defendant recognizes that he can
not reside with his brother on a long-term basis, he was unable to identify an appropriate alternative
residence.

At the conclusion of this meeting, Probation proposed to the defendant a three-month placement at
Coolidge House in lieu of three months in a sober house. Probation explained to the defendant that
he could reside at Coolidge House, secure work in Boston, save 75 percent of his income towards
a residence of his own, and participate in outpatient substance abuse treatment. The defendant was
amenable to this proposal and subsequently signed the attached Waiver of Hearing form.

If Your Honor concurs in sending the defendant to a community confinement center for three months
in lieu of a three-month sober house placement, please so indicate by signing below.

Reviewed/Approved By:                                                   Respectfully submitted,

                                                             By

Martin G. Flynn                                                         Frederick Lawton
Officer-in-Charge                                                       U.S. Probation Officer

                                                             Date:   11/13/06

**THE COURT ORDERS**

[ ]   No Action
[ ]   The Extension of Supervision as Noted Above
[ x ]  The Modification of Conditions as Noted Above
[ ]   Other

                                                             Nancy Gertner
                                                             U.S. District Judge

                                                             11/25/06
                                                                  Date

PROB 49

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

## UNITED STATES DISTRICT COURT
### for the
## DISTRICT OF MASSACHUSETTS

I, Jose Torres, TN: Jesus Rodriguez, have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By 'assistance of counsel', I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I, Jose Torres, TN: Jesus Rodriguez, hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

The defendant is to reside for a period of three months in a community corrections center and shall observe the rules of that facility.

Witness: _____        Signed: _____
Frederick Lawton                                    Jesus Rodriguez
U.S. Probation Officer                              Probationer

11-8-06
DATE